IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LISA ROBERTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1642-N-BN |
| | § | |
| AMERICAN AIRLINES, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Plaintiff Lisa Roberts filed a *pro se* lawsuit against Defendant American Airlines and the president of the local Communications Workers of America union, alleging claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"), alleging discrimination after an on-the-job injury. *See* Dkt. No. 3. And Senior United States District Judge David C. Godbey referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Roberts alleges that she currently resides in Lubbock, Lubbock County within the Lubbock Division of this district. *See* 28 U.S.C. § 124(a)(7). She alleges that the individual defendant is located in Euless, which is in Tarrant County within the Fort Worth Division of this district. *See* 28 U.S.C. § 124(a)(2). American Airlines is in Fort Worth, which is also in Tarrant County and the Fort Worth Division.

Venue as to Roberts's claims under Title VII and the ADA are governed by Title VII's special venue provisions, which "displace[] the general rules for venue." *Dabney v. A&R Logistics, Inc.*, Civ. A. No. 14-788-BAJ-RLB, 2015 WL 4210988, at *2

(M.D. La. July 10, 2015) (citing 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003)); *see also Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases." (cited in *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (per curiam))); *Beavers v. Express Jet Holdings, Inc.*, 421 F. Supp. 2d 994, 996 (E.D. Tex. 2005) ("The [ADA] incorporates by reference the special venue provisions that Congress enacted for Title VII employment discrimination actions." (citing 42 U.S.C. § 12117)).

Section 2000e-5(f)(3) provides that

[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*

So, under Section 2000e-5(f)(3), "venue is not limited to the judicial district in which the unlawful employment practices occurred if the state is a multi-district state; but venue is appropriate in any district in the state in which the unlawful

- 2 -

employment practices occurred." *Adams v. Cal-Ark Int'l, Inc.*, 159 F. Supp. 2d 402, 409 (E.D. Tex. 2001) (cleaned up).

Still, 28 U.S.C. § 1404(a) "allows district courts to transfer certain cases for the convenience of parties and witnesses and in the interest of justice" if it's shown that "[t]he new venue [is] clearly more convenient" than the alternative." *In re Google*, 172 F.4th 450, 453 (5th Cir. 2026) (cleaned up). And "[t]he § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

The Court may raise this issue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge" and "may be made *sua sponte*." (citation omitted)).

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

Having considered the applicable private and public interest factors, *see In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008), venue is clearly more convenient where Roberts was employed, at American Airlines in Fort Worth,

particularly given that there are no allegations connecting any of the parties or events in this case to the Dallas Division of this district.

Specifically, although certain factors such as the availability of compulsory process to secure the attendance of witnesses are likely neutral because of the proximity of the Fort Worth and Dallas Divisions, Roberts's employment records and other sources of proof are located in the Fort Worth Division, as are many of the witnesses. And there is a local interest in having issues relating to American Airlines decided in Fort Worth. Overall, the factors are either neutral or favor venue in Fort Worth.

The Court will therefore immediately transfer this action to the Fort Worth Division of the Northern District of Texas under Section 1404(a) and the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6.

.

SO ORDERED.

DATED: May 22, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 4 -